No. 24-14030

IN THE

# United States Court of Appeals
# for the Eleventh Circuit

———————

Nancy C. Salas,

*Plaintiff-Appellee*

*v.*

Monsanto Company,

*Defendant-Appellant*

———————

On Appeal from the United States District Court
for the Southern District Florida

———————

**APPELLANT'S UNOPPOSED MOTION FOR
SUMMARY AFFIRMANCE**

———————

K. Lee Marshall
BRYAN CAVE LEIGHTON PAISNER LLP
Three Embarcadero Center
7th Floor
San Francisco, CA 94111
(415) 675-3400

David M. Zionts
Michael X. Imbroscio
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000

*Counsel for Defendant-Appellant*

No. 24-14030, *Salas v. Monsanto Co.*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1(a)(1), Defendant-Appellant Monsanto Company, through undersigned counsel, hereby submits this Certificate of Interested Persons and Corporate Disclosure Statement.

Below is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates, part corporations, any publicly held corporations that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

Interested Persons and Entities:

1.    Alvarez, Melissa R., Counsel for Appellant below.

2.    Bayer AG (BAYRY), of which Appellant is a wholly-owned subsidiary.

3.    Bryan Cave Leighton Paisner LLP, law firm of Appellant.

4.    Chhabria, Vince G., United States District Judge.

5.    Covington & Burling LLP, law firm of Appellant.

6.    Goodman, Hon. Jonathan, United States Magistrate Judge.

7.    Imbroscio, Michael X., Counsel for Appellant.

8.    Infante, Kristina Marie, Counsel for Appellee.

9.    Marks, Steven Craig, Counsel for Appellee.

No. 24-14030, *Salas v. Monsanto Co.*

10.     Marshall, K. Lee, Counsel for Appellant.

11.     McDermott Will & Emery, law firm of Appellant.

12.     Monsanto Company, Appellant.

13.     Podhurst Orseck PA, law firm of Appellee.

14.     Ridley, Lori-Ann Camille Mitchel, Counsel for Appellant below.

15.     Rojas, Pablo, Counsel for Appellee.

16.     Salas, Nancy C., Appellee.

17.     Shook Hardy & Bacon L.L.P., law firm of Appellant.

18.     Upshaw, Anthony Nolan, Counsel for Appellant below.

19.     Vaughan, Antar Kwaku, Counsel for Appellant below.

20.     Vrasmasu, Mihai Marian, Counsel for Appellant below.

21.     Williams, Hon. Kathleen M., United States District Judge.

22.     Zionts, David M., Counsel for Appellant.

# TABLE OF CONTENTS

**Page**

Certificate of Interested Persons and Corporate Disclosure Statement ........................................................................... C-1

Table of Authorities ............................................................... ii

Introduction ............................................................................ 1

Background ............................................................................. 2

Standard of Review ................................................................ 6

Jurisdiction ............................................................................. 6

Argument ................................................................................ 8

    I.    *Carson* Controls the Outcome of This Appeal. ............................ 8

    II.   Monsanto Respectfully Maintains That *Carson* Was Incorrectly Decided and That Plaintiff's Claim Is Preempted .... 10

    III.  Summary Affirmance Is Appropriate in Light of *Carson* ........... 12

Conclusion ............................................................................ 14

Certificate of Compliance .................................................... 15

Certificate of Service ........................................................... 16

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Advance Chemical Co. v. Harter*,
  478 So. 2d 444 (Fla. Dist. Ct. App. 1985) .............................................. 9

*Bates v. Dow Agrosciences LLC*,
  544 U.S. 431 (2005) .................................................................. 2, 8, 11

*Bonner v. City of Prichard*,
  661 F.2d 1206 (11th Cir. 1981) (en banc) ............................................. 6

*Carson v. Monsanto Co.*,
  2024 U.S. App. LEXIS 11306 (11th Cir. May 8, 2024) ........................ 8

*Carson v. Monsanto Co.*,
  72 F.4th 1261 (11th Cir. 2023) (en banc) ........................................ 4, 7

*Carson v. Monsanto Co.*
  92 F.4th 980 (11th Cir. 2024) ..................................................... *passim*

*Dalberiste v. GLE Assocs.*
  814 F. App'x 495 (11th Cir. 2020)................................................. 1, 13

*Friedrichs v. California Teachers Association*,
  2014 WL 10076847 (9th Cir. Nov. 18, 2014) ..................................... 13

*Groendyke Transp., Inc. v. Davis*,
  406 F.2d 1158 (5th Cir. 1969)................................................. 6, 8, 13

*Hardeman v. Monsanto Co.*,
  997 F.3d 941 (9th Cir. 2021)....................................................... 3, 4, 5

*Havens Realty Corp. v. Coleman*,
  455 U.S. 363 (1982)...................................................................... 7

*John Doe 1 v. Abbott Lab'ys*,
  571 F.3d 930 (9th Cir. 2009).......................................................... 7

*Johnson v. SEC*,
   2024 WL 1430696 (11th Cir. Apr. 3, 2024) ........................................ 13

*Keefe v. Prudential Prop. & Cas. Ins. Co.*,
   203 F.3d 218 (3d Cir. 2000) ................................................................ 7

*Linde v. Arab Bank, PLC*,
   882 F.3d 314 (2d Cir. 2018) ................................................................ 7

*Merck Sharpe & Dohme Corp. v. Albrecht*,
   587 U.S. 299 (2019) ........................................................................... 12

*Nat'l Ass'n of Wheat Growers v. Bonta*,
   85 F.4th 1263 (9th Cir. 2023) .............................................................. 3

*Pliva, Inc. v. Mensing*,
   564 U.S. 604 (2011) ........................................................................... 11

*Riegel v. Medtronic, Inc.*,
   552 U.S. 312 (2008) ........................................................................... 11

*United States ex rel. Roby v. Boeing Co.*,
   302 F.3d 637 (6th Cir. 2002) ............................................................... 7

*Rosell v. VMSB, LLC*,
   67 F.4th 1141 (11th Cir. 2023) ............................................................ 5

*In re Roundup Prods. Liab. Litig.*,
   214 F. Supp. 3d 1346 (J.P.M.L. 2016) ................................................ 3

*In re Roundup Products Liab. Litig.*,
   216 F. Supp. 3d 1037 (N.D. Cal. 2016) ............................................... 5

*Schaffner v. Monsanto*,
   113 F.4th 364 (3d Cir. 2024) ..................................................... *passim*

*Smith v. GTE Corp.*,
   236 F.3d 1292 (11th Cir. 2001) .......................................................... 13

*Tuepker v. State Farm Fire & Cas. Co.*,
   507 F.3d 346 (5th Cir. 2007) ............................................................... 7

iii

*United States v. Rodriguez-Juarez,*
  No. 22-50004, 2022 WL 3647280 (5th Cir. August 24,
  2022) ................................................................................. 13

*Watkins v. Ford Motor Co.,*
  190 F.3d 1213 (11th Cir. 1999) .......................................... 9

*In re Zofran (Ondansetron) Prods. Liab. Litig.,*
  57 F.4th 327 (1st Cir. 2023) ............................................. 12

**Statutes**

7 U.S.C. § 136 ........................................................................ 2, 10

7 U.S.C. § 136a ...................................................................... 2, 10

7 U.S.C. § 136j ............................................................................ 2

7 U.S.C. § 136v ...................................................................... 2, 10

28 U.S.C. § 1291 ......................................................................... 6

**Other Authorities**

40 C.F.R. § 152.44 ................................................................. 2, 11

40 C.F.R. § 152.46 ................................................................. 2, 11

40 C.F.R. § 156.10 .................................................................... 10

## INTRODUCTION

Defendant-Appellant Monsanto Company ("Monsanto") appeals a judgment against it—but acknowledges that circuit precedent requires this Court to affirm.  Monsanto maintains that the state-law tort claim at issue is preempted by the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136 *et seq*., an argument identical to one this Court rejected in *Carson v. Monsanto Co.* 92 F.4th 980, 986 (11th Cir. 2024).  After this Court decided *Carson*, the Third Circuit reached the opposite result on the same preemption issue, expressly disagreeing with this Court and creating a circuit split.  *Schaffner v. Monsanto*, 113 F.4th 364, 397-98 (3d Cir. 2024) (acknowledging and disagreeing with *Carson*).  Monsanto intends to ask the Supreme Court of the United States to resolve this split.

Because the outcome of this appeal is a foregone conclusion in this Circuit, there is no reason for the Court or the parties to expend resources on full briefing and argument, or to delay the circuit split being brought to the Supreme Court's attention.  Monsanto respectfully requests that the Court promptly issue an order summarily affirming the judgment of the district court—as it has done in the past in similar situations.  *See, e.g.*, *Dalberiste v. GLE Assocs.¸ Inc.*, 814 F. App'x 495 (11th Cir. 2020). Plaintiff has stated that she does not oppose this motion.

## BACKGROUND

1. FIFRA governs "the use, . . . sale[,] and labeling[] of pesticides." *Bates v. Dow Agrosciences LLC*, 544 U.S. 431, 437 (2005).[1]  Before any pesticide may be sold in the United States, it must be registered with the United States Environmental Protection Agency (EPA).   7 U.S.C. § 136j(a)(1)(A).   EPA may register a pesticide only after reviewing its labeling and determining that it complies with FIFRA, 7 U.S.C. § 136a(c)(5)(B), (c)(6), including that it bear any "warning or caution statement . . . necessary . . . to protect health," 7 U.S.C. § 136(q)(1)(G); *see id.* § 136j(a)(1)(E).  Once EPA approves a pesticide's label, FIFRA and its implementing regulations prohibit a manufacturer from modifying the label without prior EPA approval.  *Id.* § 136j(a)(1)(B); 40 C.F.R. §§ 152.44(a), 152.46.

FIFRA includes a "Uniformity" provision, under which states may "not impose or continue in effect any requirements for labeling or packaging in addition to or different from those required under [FIFRA]." 7 U.S.C. § 136v(b).

2. Monsanto manufactures Roundup®, the world's most widely-used herbicide.  Its active ingredient is glyphosate.  Since first registering Roundup® in 1974, "EPA has repeatedly evaluated the health risks posed by glyphosate" and adhered to the "view that glyphosate is not

---

[1] FIFRA defines "pesticide" to include herbicides like Roundup®.  7 U.S.C. § 136(u).

carcinogenic." *Schaffner*, 113 F.4th at 373; *see also Carson*, 92 F.4th at 997 (recognizing EPA's "classification of glyphosate as not likely to be carcinogenic to humans"); *Hardeman v. Monsanto Co.*, 997 F.3d 941, 951 (9th Cir. 2021) ("EPA has repeatedly approved the use of glyphosate as a pesticide, each time concluding that it is not likely to be carcinogenic to humans.").

In 2015, a working group of the International Agency for Research on Cancer ("IARC") classified glyphosate as "probably carcinogenic to humans." IARC, Monograph on Glyphosate at 78, https://perma.cc/GV8J-LJYB. "EPA and . . . a significant number of international regulatory authorities and organizations disagree with IARC's conclusion that glyphosate is a probable carcinogen." *Nat'l Ass'n of Wheat Growers v. Bonta*, 85 F.4th 1263, 1270 (9th Cir. 2023).

3. In the wake of IARC's monograph, plaintiffs filed thousands of lawsuits in federal and state courts nationwide, alleging that Roundup® caused their cancer and that Monsanto is liable for failing to warn of glyphosate's purportedly carcinogenic properties. The Judicial Panel on Multidistrict Litigation centralized federal cases alleging that Roundup® caused non-Hodgkin lymphoma (NHL) in the Northern District of California. *In re Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016). In an appeal from the first MDL bellwether trial, the Ninth Circuit concluded that the plaintiff's state-law failure-to-warn

claims were not preempted by FIFRA. *Hardeman v. Monsanto Co.*, 997 F.3d 941, 950 (9th Cir. 2021).

This Court addressed the same issues in *Carson v. Monsanto Co.*[2] After extensive panel and en banc proceedings in this Court, a panel held that FIFRA did not preempt plaintiff's claims. *Carson v. Monsanto Co.*, 92 F.4th 980, 986 (11th Cir. 2024); *see also Carson v. Monsanto Co.*, 72 F.4th 1261 (11th Cir. 2023) (en banc).

Since the final disposition of *Carson*, a unanimous panel of the Third Circuit concluded that FIFRA preempts claims based on an alleged failure to warn that Roundup® causes cancer. *Schaffner*, 113 F.4th at 371. The Court explained that EPA "regulations promulgated to implement FIFRA require the health warnings on a pesticide's label to conform to the proposed label approved by the EPA during the registration process." *Id.* at 371. When EPA has conducted "extensive review of scientific evidence" of a potential health issue, and "approved proposed labels omitting a [health] warning" on that issue, a "state-law duty to include" that warning is accordingly preempted. *Id.*

4. Plaintiff-Appellee Nancy Salas sued Monsanto in January 2021 in Florida state court, alleging that her NHL was caused by exposure to Roundup®. Salas asserted various state-law claims against Monsanto, including negligent failure to warn. Complaint, *Salas v. Monsanto*

---

[2] *Carson* was not transferred to the MDL because Carson alleged that Roundup® caused a different type of cancer (malignant fibrous histiocytoma).

*Company, et al.*, Case No. 2021-000615-CA-01 (Fla. Cir. Ct. Jan. 12, 2021). Based on diversity, Monsanto removed to the Southern District of Florida, *see* Doc. 1, and the case was subsequently transferred to the MDL, Doc 14. Monsanto moved for summary judgment on preemption grounds, Doc. 68-2, which the MDL court denied, citing its own earlier orders and Ninth Circuit precedent, Doc. 72-3 at 3 (adopting decision in *In re Roundup Products Liab. Litig.*, 216 F. Supp. 3d 1037, 1037-1038 (N.D. Cal. 2016), aff'd, *Hardeman*, 997 F.3d at 941).

On September 11, 2023, the case was remanded back to the Southern District of Florida for trial. Doc. 17. Shortly before the case was set for trial, the parties reached a resolution. Salas agreed to dismiss her claims against Monsanto—apart from negligent failure-to-warn—in exchange for a substantial payment. Monsanto agreed to stipulate to judgment against it on Salas's negligent failure-to-warn claim. Monsanto reserved the right to appeal and agreed to make an additional substantial payment to Salas should it fail to obtain reversal of the judgment. Doc. 66.

Pursuant to the parties' agreement, Salas moved to amend her complaint to remove the non-warning claims. Doc. 57; *see Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 (11th Cir. 2023) (amendment of complaint proper procedure to eliminate only some claims). The parties also submitted the settlement agreement under seal for the district court's review. Doc. 66. The district court granted leave to amend on

November 14, 2024, Doc. 67, and Salas filed her amended complaint the next day, Doc. 73.

On November 19, 2024, the parties filed a stipulation requesting that the district court "enter judgment against Monsanto on Count II as amended in the amount of fifty thousand dollars ($50,000.00)."  Doc. 74 at 1.  The parties further stipulated that "Monsanto reserves the right to appeal the Entry of Judgment" on federal preemption grounds, and that Monsanto would "pay Plaintiff an agreed amount that depends upon the outcome of the appeal[] and encompasses all contingencies on appeal[.]"  *Id.*  On November 20, 2024, the district court entered final judgment against Monsanto.  Doc. 75.

## STANDARD OF REVIEW

Summary disposition of an appeal is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case[.]"  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[3]

## JURISDICTION

This Court has jurisdiction to review the district court's judgment under 28 U.S.C. § 1291.  The district court entered final judgment on

---

[3] This Court adopted as binding precedent all decisions of the Fifth Circuit issued prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

November 20, 2024, and Monsanto timely filed its notice of appeal on December 6, 2024.

The Supreme Court, this Court, and others have held that high-low settlements like the one here pose no barrier to Article III jurisdiction because both parties maintain a significant financial stake in the outcome of the appeal. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372 (1982); *Carson v. Monsanto Co.*, 72 F.4th 1261, 1265-66 (11th Cir. 2023) (en banc); *Linde v. Arab Bank, PLC*, 882 F.3d 314, 318, 324–25 (2d Cir. 2018); *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 222, 224 (3d Cir. 2000); *Schaffner*, 113 F.4th at 376; *Tuepker v. State Farm Fire & Cas. Co.*, 507 F.3d 346, 357 n.11 (5th Cir. 2007); *United States ex rel. Roby v. Boeing Co.*, 302 F.3d 637, 641 (6th Cir. 2002); *John Doe 1 v. Abbott Lab'ys*, 571 F.3d 930, 932-33 (9th Cir. 2009). Salas will receive a substantial further payment if she prevails on appeal, whereas Monsanto will be excused from making any further payment if it prevails.[4]

---

[4] *Carson* involved a different form of high-low settlement than the one at issue here. In that case, Monsanto had prevailed in the district court, and the agreement contemplated that the plaintiff would appeal. Judge Wilson expressed concern that the agreement there required the plaintiff to appeal. *See Carson*, 72 F.4th at 1270-72 (Wilson, J., dissenting). All other judges of the *en banc* court disagreed that the appeal was collusive and held that the court had jurisdiction. *Id.* at 1266. The present case is a traditional high-low settlement, with no obligation on any party to appeal, and Monsanto appealing an adverse judgment against it.

## ARGUMENT

This appeal turns on one overarching question: does FIFRA expressly or impliedly preempt a claim that Monsanto failed to warn that Roundup® causes cancer? This Court has already answered that question in the negative. Because there is "no substantial question as to the outcome of the case," *Groendyke Transp., Inc.*, 406 F.2d at 1162, this Court should summarily affirm.

## I. *Carson* Controls the Outcome of this Appeal.

In *Carson*, this Court held that FIFRA does not preempt a Georgia plaintiff's failure to warn claim related to Roundup®. *Carson v. Monsanto Co.*, 92 F.4th 980, 986 (11th Cir. 2024); *see also Carson v. Monsanto Co.*, 2024 U.S. App. LEXIS 11306 (11th Cir. May 8, 2024) (denying rehearing en banc). On the merits of the preemption issue, *Carson* is indistinguishable from this appeal.

*Carson* held that FIFRA did not preempt a Georgia failure-to-warn claim based on an alleged duty to warn that Roundup® causes cancer. *Carson* compared the elements of the state-law cause of action with FIFRA's statutory definition of misbranding. *Carson*, 92 F.4th at 990–991. Observing that under FIFRA a pesticide is misbranded if "its label contains a 'false or misleading statement,' 'does not contain adequate directions for use,' or 'omits necessary warnings or caution statements,'" *Carson* held that Georgia law imposes no additional requirements on pesticide manufacturers. *Id.* (quoting *Bates*, 544 U.S. at 441-42). Under

8

Georgia common law, a manufacturer is liable "if it fails to '[(1)] adequately communicate the warning to the ultimate user or (2) fail[s] to provide an adequate warning of the product's potential risks.'" *Carson*, 92 F.4th at 991 (quoting *Watkins v. Ford Motor Co.*, 190 F.3d 1213, 1219 (11th Cir. 1999)). The panel viewed Georgia's labeling requirements as parallel with FIFRA and thus not preempted. *Id.* at 991-992. *Carson* rejected Monsanto's argument that state law also needed to be measured against EPA's pesticide specific labeling determinations—including EPA's preapproval of Roundup®'s labeling with no cancer warning, and the requirement that Monsanto adhere to the EPA-approved label. *Id.* at 992-95.

*Carson*'s analysis controls here. Florida law, like Georgia law, requires manufacturers who know or reasonably should know "of the potential danger in the use of the product" to warn users when it is foreseeable that those users may sustain "damage or injury." *Advance Chemical Co. v. Harter*, 478 So. 2d 444, 447 (Fla. Dist. Ct. App. 1985). Because Florida, like Georgia, "requires pesticide manufacturers to warn users of potential risks to health and safety," *Carson* dictates that Florida law and FIFRA impose parallel requirements. *Carson*, 92 F.4th at 992.

*Carson* also rejected Monsanto's impossibility preemption argument. *Id.* at 997. Monsanto argued that FIFRA barred it from adding the label that Carson wanted. This Court disagreed, reasoning that EPA's "repeated approvals of a label without a cancer warning do

9

not mean the [EPA] necessarily would have rejected a label with a cancer warning." *Id.* This Court further concluded that since Monsanto had never requested a cancer warning, it could not meet its burden to show that EPA would have rejected one. *Id.* at 998. As with express preemption, *Carson* controls Monsanto's impossibility preemption argument in this appeal.

## II. Monsanto Respectfully Maintains That *Carson* Was Incorrectly Decided and That Plaintiff's Claim Is Preempted.

Monsanto respectfully maintains that *Carson* reached the incorrect result and preserves its arguments that Salas's claim is preempted. Because these arguments are foreclosed by circuit precedent, Monsanto summarizes them only briefly.

1. FIFRA's "Uniformity" provision bars states from imposing "any requirements for labeling or packaging in addition to or different from those required under" FIFRA. 7 U.S.C. § 136v(b). FIFRA requires EPA to determine that approved labels contain the "warning[s] or caution statement[s] . . . necessary . . . to protect health and the environment," and lack any "false or misleading" information. 7 U.S.C. §§ 136(q)(1)(A), (F)-(G), 136a(c)(5)(B); 40 C.F.R. § 156.10(a)(5)(ii). EPA has consistently approved Roundup®'s label without such a warning based on the agency's scientific determination that a cancer warning is not necessary to protect health. Once EPA preapproved Roundup®'s label, regulations

prohibited Monsanto from deviating from the approved label.  *See* 40 C.F.R. § 152.44(a).[5]

The Third Circuit has explained in detail why, under these circumstances, a claim such as Salas's is preempted.  *Schaffner*, 113 F.4th at 379–393.  The Supreme Court has also held, for purposes of a similarly-worded preemption provision, that an agency's premarket approval of a product and its labeling establishes federal requirements.  *See Riegel v. Medtronic, Inc.*, 552 U.S. 312, 321–22 (2008).  And with respect to FIFRA preemption specifically, the Supreme Court has demanded "genuine" equivalence between state and federal law.  *Bates*, 544 U.S. at 454.  Merely comparing the elements of a failure-to-warn claim and FIFRA's general misbranding standard instead focuses on "nominal" equivalence, *id.*, and does not achieve the statute's stated objective of "Uniformity."

2. Impossibility preemption applies when a private party cannot "independently do under federal law what state law requires of it."  *Pliva, Inc. v. Mensing*, 564 U.S. 604, 618-19 (2011).  Monsanto could not independently add a cancer warning to Roundup®'s label.  40 C.F.R. § 152.44(a).

---

[5] Manufacturers can modify a pesticide's label in certain circumstances without EPA approval, provided such modifications are "minor." 40 C.F.R. § 152.46(a)(1). Cancer warnings do not fall within this exception. *See Schaffner*, 113 F.4th at 385.

Even in situations where a private party can unilaterally amend its label, impossibility preemption still applies if (1) the agency was "fully informed" of "the justifications for the warning" the plaintiff demands; (2) the agency has "informed the … manufacturer that [it] would not approve changing the … label to include that warning"; and (3) the agency's action is "taken pursuant to … congressionally delegated authority" such that it "carr[ies] the force of law." *Merck Sharpe & Dohme Corp. v. Albrecht*, 587 U.S. 299, 313–16 (2019). Here, EPA has been fully informed of the alleged cancer risk—and in fact reviewed a "more extensive dataset than IARC" did. Doc. 70-1 at 68. EPA has specifically and repeatedly approved Roundup® labels without a cancer warning, and even warned Monsanto that a cancer would be a "false and misleading statement" rendering the label misbranded. *Id*; *see also In re Zofran (Ondansetron) Prods. Liab. Litig.*, 57 F.4th 327, (1st Cir. 2023) (when an agency "formally approves a label stating one thing with full and obvious notice of the directly contrary position, one can read the approval as rejecting the contrary position" under *Merck*). All of these EPA actions were taken pursuant to its congressionally delegated authority.

## III.   Summary Affirmance Is Appropriate in Light of *Carson.*

"[T]he holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first

panel's holding is overruled by the Court sitting en banc or by the Supreme Court." *Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001). In this circuit, *Carson* remains governing law.

Since there is no "question as to the outcome" of Monsanto's appeal, summary affirmance is appropriate. *Johnson v. SEC*, 2024 WL 1430696, at *1 (11th Cir. Apr. 3, 2024) (quoting *Groendyke Transp., Inc.*, 406 F.2d 1162). Plenary briefing and argument on an issue controlled by binding precedent would unnecessarily waste judicial resources. Prompt resolution of this appeal would ensure that an acknowledged circuit split—on an important question of federal law that is relevant to thousands of cases pending throughout the nation—can be presented to the Supreme Court. A prompt resolution of this appeal will also ensure prompt additional recovery for Salas if Monsanto is unable to persuade the Supreme Court to grant certiorari and reverse.

This Court has granted summary affirmance in similar circumstances, including at the request of the appellant. *See, e.g., Dalberiste*, 814 Fed. App'x at 495 (11th Cir.). Other circuits follow this practice as well. *See United States v. Rodriguez-Juarez*, No. 22-50004, 2022 WL 3647280 (5th Cir. August 24, 2022) (granting appellant's motion for summary affirmance preserving foreclosed argument for Supreme Court review); *Friedrichs v. California Teachers Association*, 2014 WL 10076847 (9th Cir. Nov. 18, 2014) (same). The Court should do the same here.

13

# CONCLUSION

This Court should summarily affirm the judgment of the district court.

Date: December 16, 2024                    Respectfully submitted.

                                                    */s/ David M. Zionts*
                                          _____

K. Lee Marshall                           David M. Zionts
BRYAN CAVE LEIGHTON PAISNER LLP    Michael X. Imbroscio
Three Embarcadero Center           COVINGTON & BURLING LLP
7th Floor                          One CityCenter
San Francisco, CA 94111            850 Tenth Street, NW
(415) 675-3400                     Washington, DC 20001
                                   (202) 662-6000

*Counsel for Defendant-Appellant*

14

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,996 words, excluding the parts of the motion exempted by Rule 32(f). This motion complies with the typeface and type-style requirements of Rules 27(d)(1)(E) and 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook and 14 point font.

*/s/ David M. Zionts*
David M. Zionts

*Counsel for Defendant-Appellant*

## CERTIFICATE OF SERVICE

I certify that, on December 16, 2024, I caused the foregoing to be electronically filed with the Clerk of Court of the United States Court of Appeals for the Eleventh Circuit by using the Court's CM/ECF system. Because counsel for all parties are registered CM/ECF users, service will be accomplished through that system.

*/s/ David M. Zionts*
David M. Zionts

*Counsel for Defendant-Appellant*