[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-14030

Non-Argument Calendar

_____

NANCY C. SALAS,

                                                    Plaintiff-Appellee,

*versus*

MONSANTO COMPANY,
a foreign corporation,

                                                    Defendant-Appellant,

BAYER CORPORATION,
a foreign corporation, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-21217-KMW

_____

Before ROSENBAUM, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

      Monsanto Company appeals a judgment against it—conceding that Circuit precedent requires us to affirm. We grant its unopposed motion for summary affirmance.

      Monsanto manufactures Roundup®, a widely used herbicide. In *Carson v. Monsanto Co.*, we held that the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), 7 U.S.C. § 136 *et seq.*, did not preempt a Georgia plaintiff's state-law failure-to-warn claim related to Roundup®. 92 F.4th 980, 986 (11th Cir. 2024).

      As relevant here, Nancy Salas sued Monsanto in Florida state court in 2021, alleging that she contracted non-Hodgkin lymphoma from her exposure to Roundup®. Salas asserted various state-law claims, including negligent failure to warn. Salas and Monsanto agreed to settle their dispute. The parties jointly stipulated that the district court would enter judgment against Monsanto on Salas's

24-14030               Opinion of the Court                      3

failure-to-warn claim, but Monsanto reserved the right to appeal the judgment on federal preemption grounds. The district court then entered final judgment against Monsanto. Monsanto now appeals.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case[.]" *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

*Carson* controls here. On the merits of the preemption issue, the two cases are indistinguishable. Florida law, like Georgia law, "require[s] pesticide manufacturers to warn users of potential risks to health and safety" and thus parallels FIFRA. *Carson*, 92 F.4th at 992. And because "the holding of the first panel to address an issue" remains the law in this Circuit "unless and until" the Court sitting en banc or the Supreme Court intervenes, *Carson*'s analysis governs. *Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001).

★   ★   ★

Because there is "no substantial question as to the outcome" of this appeal, we **GRANT** Monsanto's motion for summary affirmance and **AFFIRM** the judgment below. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

---

[1] *Groendyke Transportation* is binding precedent in the Eleventh Circuit under *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).